HONORABLE RICHARD A. JONES

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

XILONG ZHU,

    Plaintiff,

v.

DEPARTMENT OF HOMELAND SECURITY, *et al.*,

    Defendants.

Case No. 2:18-cv-00489-RAJ

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

## I. INTRODUCTION

Before the Court is Defendants' motion to dismiss. Dkt. # 16. For the reasons below, the Court **GRANTS** the motion.

## II. BACKGROUND

Plaintiff is a Chinese citizen who enlisted in the United States Armed Forces through the Military Accessions Vital to the National Interest ("MAVNI") program. Dkt. # 10, ¶¶ 1, 19. In general, enlistees in the United States Armed Forces must be either United States citizens or lawful permanent residents. 10 U.S.C. § 504(b); Dkt. # 10, ¶ 19. The MAVNI program permits non-citizens who are not permanent residents, but who were lawfully present in the United States, to enlist if they had critical foreign language skills or specialized medical training. *Id.*, ¶ 21. In his enlistment application, Plaintiff affirmed that he was lawfully present on an F-1 foreign student visa based on his enrollment in the University of Northern New Jersey ("UNNJ"). Dkt. # 10, ¶ 138. UNNJ had enrolled

ORDER – 1

Plaintiff in its Curricular Practical Training (CPT) program and authorized Plaintiff's full-time work for Apple, Inc. as a "full course of study as defined by 8 CFR 214.2(f)(6)." *Id.*, ¶ 133.

Plaintiff claims that the Department of Defense and the Department of Homeland Security promised MAVNI recruits United States citizenship in return for their service in the Armed Forces. *Id.*, ¶ 22. After enlisting, Plaintiff applied for naturalization on or about March 29, 2016. *Id.*, ¶ 141. In a written decision dated August 16, 2018, USCIS denied Plaintiff's application. *Id.*, ¶ 162. Plaintiff alleges that USCIS denied his N-400 petition on the grounds that he is not of good moral character because he knowingly misrepresented that he was in valid F-1 status based on his enrollment at UNNJ to gain enlistment into the U.S. Army and later apply for naturalization. *Id.*, ¶163.

Plaintiff alleges that, unbeknownst to him, U.S. Immigration and Customs Enforcement ("ICE") created the University of Northern New Jersey. *Id.*, ¶ 59. ICE's goal was to target academic recruiters and brokers who charged foreign students a fee to place them into universities that did not actually offer the course of study or authorized practical training required to satisfy the F-1 visa requirements. *Id.*, ¶ 60. Plaintiff alleges that UNNJ looked like a real university in the sense that it was accredited by the State of New Jersey and DHS listed UNNJ on its website of approved institutions. *Id.*, ¶¶ 80-81. UNNJ maintained a detailed website and active social media accounts. *Id.*, ¶¶ 84-89. According to its website, UNNJ "sought to better educate students by focusing on real world employment knowledge and skills that parallel traditional academia at an affordable cost." *Id.*, ¶ 84.

In his Amended Complaint before this Court, Plaintiff brings six causes of action: estoppel, entrapment by estoppel, entrapment, wrongful failure to naturalize, lack of due process, and breach of contract. Defendants U.S. Department of Homeland Security; U.S. Citizenship & Immigration Services ("USCIS"); U.S. Immigration and Customs Enforcement ("ICE"); Kirstjen Nielsen, in her official capacity; L. Francis Cissna, in his

ORDER – 2

official capacity; Anne Arries Corsano, in her official capacity; Ronald D. Vitiello, in his official capacity; and Cynthia Munita, in her official capacity (collectively, "Defendants") move to dismiss. Dkt. # 16.

### III. LEGAL STANDARD

#### A. FRCP 12(b)(1)

Federal courts are tribunals of limited jurisdiction and may only hear cases authorized by the Constitution or a statutory grant. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The burden of establishing subject-matter jurisdiction rests upon the party seeking to invoke federal jurisdiction. *Id*. Once it is determined that a federal court lacks subject-matter jurisdiction, the court has no choice but to dismiss the suit. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A party may bring a factual challenge to subject-matter jurisdiction, and in such cases the court may consider materials beyond the complaint. *PW Arms, Inc. v. United States*, 186 F. Supp. 3d 1137, 1142 (W.D. Wash. 2016) (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003); *see also McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) ("Moreover, when considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction.").

#### B. FRCP 12(b)(6)

Rule 12(b)(6) requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is

ORDER – 3

"any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). The court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). The court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

## IV. DISCUSSION

### A. Entrapment and Entrapment by Estoppel Claims

Defendants claim that this Court lacks jurisdiction to adjudicate Plaintiff's estoppel, entrapment, and entrapment by estoppel claims. Federal district courts lack jurisdiction over suits against the United States unless the United States has expressly and unequivocally waived its sovereign immunity. *Balser v. Dep't of Justice, Office of U.S. Tr.*, 327 F.3d 903, 907 (9th Cir. 2003). Therefore, where the United States is the defendant, the plaintiff must show both subject matter jurisdiction and that the United States has waived its sovereign immunity. *Powelson v. United States, By and Through Sec'y of Treasury*, 150 F.3d 1103, 1104 (9th Cir. 1998).

The government waives its sovereign immunity in certain circumstances. For example, the Tucker Act waives the government's sovereign immunity in damage suits based on contract as well as for some claims arising under the Constitution and statutes of the United States. *See* 28 U.S.C. § 1346(a)(2); *EEOC v. Peabody Western Coal Co.*, 610 F.3d 1070, 1084 (9th Cir. 2010). For tort claims, the Federal Tort Claims Act ("FTCA") is a "limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813(1976).

ORDER – 4

In his response to the Motion, Plaintiff concedes that estoppel, entrapment, and entrapment by estoppel are not stand-alone claims. *See* Dkt. # 19 at 12-13. It follows then that the government did not waive its sovereign immunity as to these alleged affirmative claims. Therefore, those claims are **DISMISSED**.

### B. Failure to Naturalize

Plaintiff alleges that he is bringing the denial of his naturalization application to this Court for *de novo* consideration. Dkt. # 19. The government argues that dismissal is proper because Plaintiff's Amended Complaint alleges a claim for "wrongful failure to naturalize" and he failed to show the Government waived sovereign immunity. Alternatively, the government argues that if the Court accepts Plaintiff's claim as one under 8 U.S.C. § 1421(c), it should be dismissed for failure to exhaust administrative remedies. After the denial of his naturalization application, Plaintiff did not appeal the denial requesting a hearing before a senior immigration examiner pursuant to 8 U.S.C. § 1447(a) and 8 C.F.R. § 336.2. Because the Court must evaluate whether there are "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief, the Court construes Plaintiff's claim as one under 8 U.S.C. § 1421(c). *Twombly*, 550 U.S. at 562.

"Unsuccessful applicants must first take an administrative appeal of the denial and complete the [USCIS's] administrative process before seeking judicial review." 8 U.S.C. § 1421(c). Generally, "[w]here Congress specifically mandates" it, exhaustion is not merely appropriate, but "required." *Barron v. Ashcroft*, 358 F.3d 674 (9th Cir. 2004). The government argues that Plaintiff should not be encouraged to bypass the administrative review processes to directly pursue this Court's review of USCIS's decision. Indeed, whether the "relaxation of the [exhaustion] requirement would encourage the deliberate bypass of the administrative scheme" is a key consideration for the Court in making its determination. *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004); *Montes v. Thornburgh*, 919 F.2d 531, 537 (9th Cir. 1990). The Court finds that allowing Plaintiff to forego review before an immigration officer would disrupt the streamlined procedure

ORDER – 5

intended by Congress and that the typical concerns permitting waiver of the exhaustion requirement are not met here. *Compare, e.g.*, *Nakaranurack v. United States*, 68 F.3d 290, 294 (9th Cir. 1995) (waiver appropriate because it was unfair to impute the negligence of the alien's attorney in filing an untimely petition for review to the alien himself) *with Laing v. Ashcroft*, 370 F.3d 994 (9th Cir. 2004) (exhaustion may not be achieved through a litigant's procedural default of his or her available remedies). Accordingly, because Plaintiff fails to allege exhaustion, this claim is **DISMISSED** without prejudice.

### C. Due Process Claim

Plaintiff states that he has an interest "in the fair and full consideration of his naturalization application and in not being deprived of his fair chance at naturalization." Dkt. # 19 at 11. He claims that he was deprived due process because the government ascribed visa fraud to him without notice of the charge or an opportunity to respond to it, faulting him for relying on the government's affirmative misrepresentations, and denying his application based on "secret" evidence. *Id.*

A plaintiff asserting a due process claim must first show that he has a protected interest in liberty or property. *See Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). Plaintiff identifies two purported protected interests: (1) the right to naturalization based upon his satisfaction of all statutory requirements; and (2) the right to not be deprived naturalization based on the government's affirmative misrepresentations and conduct.

As to Plaintiff's first contention, an alien petitioner has no substantive right to citizenship contrary to an act of Congress. *See I.N.S. v. Pangilinan*, 486 U.S. 875, 883 (1998) (aliens seeking citizenship can only obtain it upon terms and conditions specified by Congress); *Brown v. Holder*, 763 F.3d 1141, 1147 (9th Cir. 2014) (noting that the statutory requirements for the naturalization of aliens are set out in the INA). His complaint alleges that USCIS found him to be noncompliant with the good moral character requirement. Accordingly, Plaintiff's first theory fails because he cannot allege a legitimate property interest. *Town of Castle Rock v. Gonzales*, 545 U.S. 748 (2005) ("[A]

ORDER – 6

benefit is not a protected entitlement if government officials may grant or deny it in their discretion"); *see also Ching v. Mayorkas*, 725 F.3d 1149, 1155 (9th Cir. 2013) (finding a constitutionally protected interest in *nondiscretionary* immigration applications). As to Plaintiff's second theory, the Ninth Circuit and other courts have held that naturalization applicants have a property interest in seeing their applications adjudicated lawfully. *Brown v. Holder*, 763 F.3d 1141, 1147 (9th Cir. 2014). However, Plaintiff fails to allege a denial of adequate procedural protections. *See, e.g.*, *Foss v. Nat'l Marine Fisheries Serv.*, 161 F.3d 584, 588 (9th Cir. 1998) (explaining that procedural due process claims hinge on both a protected liberty or property interest and a denial of adequate procedural protections); *see also Dent v. Sessions*, 900 F.3d 1075, 1083 (9th Cir. 2018) (explaining that a naturalization petitioner can succeed on a due process claim where there was "deliberately indifferent to whether his application was processed" and that he or she suffered prejudice). Despite arguing that Defendants failed to properly adjudicate his application, Plaintiff fails to plead facts about Defendants' deliberate indifference toward his opportunity to naturalize in order to state a claim. *See, e.g.*, *Dent*, 900 F.3d at 1083 (alleging deliberate indifference where INS did not expedite application for derivative citizenship after learning minor child was near cutoff age). Therefore, Plaintiff's due process claim is **DISMISSED** without prejudice.

### D. Breach of Contract

Plaintiff's claim for breach of contract asserts that Defendants explicitly or impliedly promised Plaintiff that UNNJ was a legitimate school, that UNNJ was acting in accordance with U.S. immigration laws, and that UNNJ was properly authorized to issue him, and had issued him, a valid Form I-20. Dkt. # 10, ¶192. He clarifies that he seeks relief for this breach pursuant to the Tucker Act.

The Court finds that Plaintiff has failed to state a claim under the Tucker Act. To prevail on such a claim, Plaintiff must ultimately demonstrate (1) that he and the government mutually intended to enter into a contract; (2) that consideration was offered

ORDER – 7

by both parties to the contract; (3) that there is a lack of ambiguity in the offer and acceptance; and (4) that the government's representative had actual authority to bind the government in contract. 28 U.S.C. § 1346; *Horowitz v. Tschetter*, 2007 WL 1381608, No. C 06-05020 CRB (N.D. Cal. May 8, 2007). Here, Plaintiff fails to allege the specific terms of the contract that were offered and accepted, and subsequently breached. Plaintiff also fails to allege facts that plausibly show a government's representative had actual authority to bind the government in contract. Accordingly, Plaintiff's claim is **DISMISSED** without prejudice.

## V. CONCLUSION

For the reasons stated above, the Court, the Court **GRANTS** Defendants' motion. Dkt. # 16.

DATED this 9th day of September, 2019.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 8